UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 08 CR 544 |
| ) | Judge Blanche M. Manning |
| JAVIER GOMEZ ) | |
| and JOSE M. MELGAR ) | |

ORDER TO PRESERVE CERTAIN
PROPERTY SUBJECT TO FORFEITURE

The United States of America, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for entry of a protective order preserving certain property subject to forfeiture, pursuant to the provisions of Title 21, United States Code, Section 853, and in support thereof submits the following:

(a)  On August 6, 2008, a multi-count indictment was returned, charging defendants JAVIER GOMEZ and JOSE M. MELGAR with violations of the Controlled Substances Act pursuant to the provisions of 21 U.S.C. §§ 841(a)(1) and 846;

(b)  Pursuant to the provisions of 21 U.S.C. § 853, the indictment sought forfeiture to the United States of certain property as property used and intended to be used to commit or facilitate the commission of their violations. The property subject to forfeiture includes but is not limited to, funds in the amount of $68,895 in United States currency;

(c)  During the investigation that led to the indictment, DEA agents seized the foregoing property from Javier Gomez, Jose M. Melgar and Jose G. Melgar and initiated administrative forfeiture proceedings. On August 27, 2008, Ronald H. Merel, attorney for Jose G. Melgar, Mary Arnett and Gerardo Rodriguez, filed claims to contest the administrative forfeiture proceedings. On September 8, 2008, DEA referred the case to the United States Attorney's Office to commence a

civil forfeiture action pursuant to the provisions of 21 U.S.C. § 881(a)(6). However, the United States intends to proceed against the foregoing property pursuant to the provisions of 21 U.S.C. § 853 as evidenced;

    (d)    Pursuant Title 21, United States Code, Section 983(a)(3)(C), which states in part...

> In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in the indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession shall be governed by the applicable criminal forfeiture statute.

    (e)    In the event that defendants JAVIER GOMEZ and JOSE M. MELGAR are found guilty of the offenses charged in the indictment, which are likely to result in the entry of a forfeiture judgment, the statute provides that any property that was used or intended to be used to facilitate the commission of their violations, shall be subject to forfeiture. Accordingly, the United States seeks this protective order to preserve the status quo and to secure itself so that, upon the entry of a forfeiture judgment, the United States will be able to satisfy the judgment;

    (f)    Pursuant to 21 U.S.C. § 853, this Court has jurisdiction to enter orders or take other action to preserve and to protect property to insure that the property will be available for forfeiture in the event of conviction;

    (g)    Specifically, Title 21, United States Code, Section 853(e) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> (A)    upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

(h) There is probable cause to believe that defendants JAVIER GOMEZ and JOSE M. MELGAR committed the charged offenses, as alleged more fully in the indictment, and that the foregoing property was used or intended to be used to facilitate the commission of their activities and is therefore subject to forfeiture pursuant to the provisions of 21 U.S.C. § 853. This motion for a protective order is brought to preserve the availability of the property for forfeiture until conviction in lieu of a civil forfeiture proceeding pursuant to 21 U.S.C. § 881(a)(6).

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That the government's motion for the entry of a protective order preserving certain property subject to forfeiture pursuant to the provisions of 21 U.S.C. § 853, is granted.

2. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order.

_____
BLANCHE M. MANNING
United States District Judge

DATED: November 20, 2008